IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERA MAVRINSKIY,

        Plaintiff,                        No. CIV S-04-0929 CMK

   vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.               <u>ORDER</u>

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross motion for summary judgment.

**I. Factual and Procedural Background**

        In a decision dated, December 22, 2003, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). The

Council denied plaintiff's request for review. The ALJ found that: (1) the plaintiff has not engaged in substantial gainful activity since the date of her application; (2) the plaintiff has an impairment or combination of impairments considered severe; (3) that her impairments do not meet or equal one of the impairments listed in Appendix 1; (4) her allegations are not totally credible; (5) plaintiff has the residual functional capacity to perform a full range of light work; (6) she is unable to perform any of her past relevant work; (7) she is a younger individual between the age of 45 and 49; (8) she is unable to communicate in English; and (9) she is not disabled. Administrative Transcript 23 ("AT") .

Plaintiff contends that the ALJ failed to consider Social Security Ruling 02-01p; the ALJ's residual functional capacity analysis was erroneous; the ALJ improperly rejected the treating physician's opinion; and the ALJ assessed plaintiff's credibility improperly.

## II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is

---

The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion is properly weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

**III.  Analysis**

**Social Security Ruling 02-01p**

First, plaintiff contends that the ALJ ignored Social Security Ruling 02-01p ("SSR 02-01p"). Social Security Ruling 02-01p states that "obesity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal . . . impairments." Obesity, by itself, can substitute for the major dysfunction of a joint listed 1.02A. See SSR 02-01p. Section 1.00F defines the joints described in listing 1.02A. Plaintiff asserts that these joints

include the joints of the spine. In reality, listing 1.00F includes the following:

> Major joints refers to the major peripheral joints, which are the hip, knee, shoulder, elbow, wrist-hand, and ankle-foot, <u>as opposed to other peripheral joints...or axial joints (i.e., the joints of the spine</u>.)

20 C.F.R. 404, Subpt. P, App. 1, § 1.00F (emphasis added). Therefore, listing 1.02A does not include a major dysfunction of the joints of the spine.

Next, plaintiff contends that the ALJ erred by considering only listing 1.04A, and not 1.02A. As previously stated, the plaintiff does not have an impairment affecting a major weight bearing joint as described in listing 1.02A. See <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). Therefore, 1.02A is not applicable and the plaintiff's argument lacks merit.

Plaintiff also contends that the ALJ did not consider the combined effects of her obesity with her musculoskeletal impairment. The ALJ found that the plaintiff can perform light work. The ALJ based this finding on the conclusions of both Dr. Miller and Dr. Clancey. (AT 21.) Both of these doctors noted and were aware of plaintiff's obesity. (<u>See</u> AT 161 & 185.) Yet, despite her obesity both doctors found plaintiff able to perform light work. <u>Id</u>. Therefore, the ALJ properly considered plaintiff's obesity at step three.

Last, plaintiff contends that the ALJ did not properly consider the impact of her varicose veins. The ALJ noted that plaintiff's varicose veins were a severe impairment. (AT 20.) The record shows that the plaintiff made no subsequent complaints regarding her varicose veins after she was prescribed support stockings . (AT 142, 161, 179.) Notably, the plaintiff has the burden of proof at step three. The plaintiff has not shown that her varicose veins have more than a minimal impact on her ability to work. Therefore, the ALJ considered each of the plaintiff's impairments properly.

**Residual Functional Capacity**

Next, plaintiff contends that the ALJ did not properly consider her obesity and varicose veins in evaluating her residual functioning capacity ("RFC").

SSR requires that the ALJ consider all the plaintiff's impairments, even those

4

which are not severe. See SSR 96-8p. The RFC equals the individual's maximum remaining ability to perform sustained work activities on continuing and regular basis. Id.

Here, the ALJ did not specifically describe plaintiff's obesity in the RFC section of his decision. However, the ALJ did mention that his light-work finding was based on the opinions of Drs. Miller and Clancey. Although both of these doctors noted plaintiff was overweight, they still found her able to perform light work. Dr. Miller noted plaintiff was 66" tall and weighed 239 pounds. (AT 185.) Dr. Clancey noted that plaintiff's weight fluctuated between 235 and 243 pounds. (AT 161.) By giving weight to these opinions which considered plaintiff's obesity, the ALJ gave adequate consideration to the obesity listed in the medical records. Therefore, the ALJ did consider plaintiff's obesity impairment when making the RFC determination.

Also, it was not necessary for the ALJ to consider plaintiff's varicose veins. As stated above, plaintiff was prescribed support hose and advised to lose weight. (See AT 142.) Since then, plaintiff has not had any further complaints and her treating source has not identified any further problems.

Plaintiff also contends that her RFC was somewhere between light and sedentary work. As a result, plaintiff's contends this alleged ambiguity should have been resolved by a vocational expert. See Tacket v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999). At the crux of her argument, plaintiff explains that the ALJ's light work finding is undermined by Dr. Miller's observation that the plaintiff has a "very slow gait with pain on motion."

Plaintiff contends that the definition of light work is premised on one's ability to remain on his or her feet for a minimum of six hours. In fact, a job that includes a good deal of walking or standing constitutes light work. 20 C.F.R. § 416.967(b). Light work also includes "sitting most of the time with some pushing and pulling of arm or leg controls." Id. Most important, is the fact that Dr. Miller found the plaintiff could stand and/or walk up to six hours in an eight-hour day. (See AT 190, 192.) Dr. Clancey also found the plaintiff cable of standing

and/or walking for up to six hours in an eight-hour workday. (AT 155.) Therefore, the ALJ properly determined that the plaintiff can perform light work. The ALJ did not need a vocational expert because the description of light work adequately described plaintiff's abilities. Tacket v. Apfel, 180 F.3d at 1102.

**Treating Physician's Opinion**

   Next, plaintiff contends the ALJ failed to give controlling weight to the opinion of Dr. Wilbur Koester ("Dr. Koester"), plaintiff's treating physician.

   In part, the weight given to medical opinions depends on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

   To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Lester, 81 F.3d at 830; Thomas v. Barnhart, 278 F.3d 948, 957 (9th Cir. 2002). While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). The ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. If the contradicting opinion comes from a non-treating

1    physician and is based on objective clinical tests, it must be viewed as substantial evidence.
2    Magallanes, 881 F.2d at 751.
3           Here, Dr. Koester found the plaintiff unable to stand, walk, or sit for one hour in
4    an eight-hour day, or lift more than five pounds. (At 180-181.) Dr. Koester's findings would
5    demonstrate that the plaintiff is unable to perform light work. Dr. Miller, as previously stated,
6    opined that the plaintiff was able to stand and walk six hours a day with breaks. (AT 189.) Dr.
7    Miller also found plaintiff able to reach, handle, hear, speak, see, and sit without restriction. (Id.)
8    As a result, Dr. Miller's findings demonstrate that the plaintiff is capable of performing light
9    work.
10          The ALJ rejected Dr. Koester's opinion noting that it was "extreme and not
11   supported by his own clinical findings or other evidence of record." (AT 21.) The ALJ
12   explained further that the plaintiff's medical records did not mention any neurological or strength
13   deficits or the need for prescriptions other than pain medications. (Id.) The ALJ also noted that
14   Dr. Koester's treatment records describe plaintiff's condition as stable. (Id.) Thus, the ALJ
15   properly rejected Dr. Koester's opinion by providing specific and legitimate reasons.
16   Magallanes, 881 F.2d at 751, 753.

**Plaintiff's Credibility**

18          Plaintiff claims that the ALJ improperly rejected her credibility. An ALJ
19   determines whether a disability applicant is credible, and the court defers to the ALJ's discretion
20   if the ALJ used the proper process and provided proper reasons. If credibility is critical, the ALJ
21   must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-874 (9th Cir.
22   1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility
23   findings to be supported by a "specific, cogent reason for the disbelief").
24          In evaluating whether the applicant's complaints are credible, the ALJ may
25   consider the plaintiff's reputation for truthfulness, inconsistencies in plaintiff's testimony or
26   conduct, daily activities, work record, and physician and third party testimony regarding the

7

nature, severity, and effect of the plaintiff's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). Absent evidence that the plaintiff is malingering, the ALJ must provide clear and convincing reasons for rejecting the plaintiff's testimony. Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). The court cannot second guess an ALJ's credibility finding which is supported by substantial evidence. Id.; Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Here, the ALJ found plaintiff's complaints regarding the severity of her impairments to be not totally credible. (AT 23.) The ALJ found that the plaintiff's complaints of severe pain were undermined by the fact that Dr. Miller had not prescribed treatment or medication for that pain. The ALJ noted that the plaintiff had undergone only routine medical care and sought no additional treatment for her allegedly severe pain. The plaintiff freely admits that over-the-counter medication was somewhat effective in controlling her pain. The ALJ noted plaintiff's testimony that her children did all the chores around the house, which was in contrast to an earlier statement that she did the household chores and shopping herself. (AT 21.) Therefore, the ALJ properly provided specific reasons for discrediting the plaintiff's complaints and the court will not second guess the ALJ's finding.

Accordingly, the ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross motion for summary judgment is granted.

DATED: July 7, 2005.

*(signature)*
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE